UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC MARTIN #165780,

                    Plaintiff,                    Case No. 2:05-cv-37

v.                                          Honorable R. Allan Edgar

UNKNOWN REYNOLDS, et al.,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Eric Martin, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officers Unknown Reynolds, B. Hoover, Unknown Tredeau, and Unknown Vertanen, Sergeant Unknown Obiden, Deputy Warden Darlene Edlund, Warden Tim Luoma, Inspector Unknown Burnett, MDOC Director Patricia Caruso, and Resident Unit Manager Unknown Jondreau.

Plaintiff claims that on December 5, 2003, Defendant Obiden ordered Plaintiff to come out of his cell so that they could impose a paper restriction.  Once Plaintiff complied, Defendant Reynolds placed him in extremely tight handcuffs.  As Plaintiff was standing in the hallway, Defendants Hoover and Reynolds used excessive force on Plaintiff by bending his hands backwards, causing Plaintiff to cry out in pain.  Plaintiff claims that Defendants Obiden, Vertanen and Treadeau were all present during the time that Defendants Hoover and Reynolds were trying to break his wrists.  Plaintiff states that he suffers from chronic pain in his wrists as a result of this incident.

Plaintiff alleges that since the incident occurred, he has been afraid to go to the showers because he fears that he will be assaulted by Defendants Hoover and Reynolds, along with their co-workers.  In letters dated December 11, 2003, and December 16, 2003, Plaintiff notified Defendants Edlund and Luoma of the December 5, 2003, attack and asked to have the videotape of the incident preserved for evidence.  In addition, Plaintiff asked to be transferred to another prison.  However, no corrective action was taken.  Plaintiff claims that Defendant Jondreau failed to investigate the incident following Plaintiff's complaints.  Plaintiff states that he subsequently wrote a letter to Defendant Caruso, complaining about the December 5, 2003, incident and the failure of prison officials to take any corrective action and requesting to be transferred to another prison.  Plaintiff wrote letters of complaint to Defendants Edlund and Luoma on December 26, 2003, and wrote to Defendant Burnett on January 1, 2004.

On December 1, 2004, Defendant notified Defendant Caruso of the fact that he had requested a step II grievance form on Defendant Burnett regarding his failure to investigate the excessive force.  Plaintiff also informed Defendant Caruso of Defendant Jondreau's failure to investigate.  Defendant Caruso failed to take any corrective action.  Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments, as well as his rights under state law.  For relief, Plaintiff requests compensatory and punitive damages, as well as equitable relief.

Plaintiff's claims against Defendants Edlund, Luoma, Burnett, Caruso, and Jondreau were dismissed with prejudice on April 13, 2005, and the remainder of his claims were dismissed without prejudice for failure to exhaust administrative remedies.  Plaintiff appealed to the Sixth Circuit.  On April 20, 2007, the Sixth Circuit remanded Plaintiff's claims against Defendants Reynolds, Hoover, Treadeau, Vertanen and Obiden.

Presently before the Court is the Defendants' Motions for Summary Judgment, pursuant to Fed. R. Civ. P. 56.  (Docket #30 and #51.)  Plaintiff has filed a response and the matter is ready for decision.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove.  *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007).  A moving party without the burden of proof needs only show that the opponent cannot

sustain his burden at trial.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  A moving party with the burden of proof  faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Defendants initially contend that they are entitled to summary judgment in this matter because Plaintiff failed to exhaust administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*,

- 4 -

215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control  *Id.* at ¶ R.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ R, X.  The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly.  Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ T (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due.  *Id.* at ¶¶ R,

---

[1]The MDOC amended Policy Directive 03.02.130 on July 9, 2007.  However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

DD.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ FF.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ HH.  The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ II.  Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process.   *Id.* at ¶ U.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ."  *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III.  *Id.* at ¶S.  In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

In their brief, Defendants note that Plaintiff's sole grievance with regard to this action, AMF 2004-01-122-28e, was submitted through step III, and names Luoma, Edlund, Hoover, and Reynolds and asserted that Plaintiff was subjected to excessive force on December 5, 2003.  This grievance was rejected as untimely at each step.  Pursuant to the policy directive, Plaintiff's step I grievance had to be filed by December 14, 2003, seven business days after the incident being grieved.  However, Plaintiff's grievance was dated January 9, 2004, and was received at step I on January 15, 2004.

The United States Supreme Court recently held in *Woodford v. Ngo,* 126 S.Ct. 2378 (2006) that the PLRA exhaustion requirement requires "proper exhaustion."  *Id.* at 2388.  Proper

exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386.  When a grievance is denied as untimely, it is not properly exhausted. *Id.* at 2386-88.  Because Plaintiff's grievance was rejected as untimely, the grievance was not properly exhausted, and his claim is therefore barred.

In addition, Plaintiff did not file a grievance naming Defendants Treadeau and Vertanen.  As noted above, policy requires that dates, times, places and names of all those involved in the issue being grieved are to be included.  Therefore, Defendants are entitled to summary judgment for failure to exhaust administrative remedies.

In response to the motion, Plaintiff claims that his grievance is not governed by the December 19, 2003, grievance policy, so that he did not need to name each Defendant.  However, as noted by Defendants, Plaintiff's grievance is dated January 4, 2004, and is governed by that policy.  Moreover, Defendants provide a copy of the old policy, which includes that same naming requirement.  Therefore, Plaintiff's contention lacks merit.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motions for summary judgment.  Accordingly, it is recommended that Defendant's Motions for Summary Judgment (Docket #30 and #51) be granted and that this case be dismissed without prejudice for failure to exhaust administrative remedies.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 27, 2008