UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC MARTIN #165780,

        Plaintiff,                          Case No. 2:05-cv-37

v.                                               Honorable R. Allan Edgar

UNKNOWN REYNOLDS, et al.,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on August 27, 2008. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

The court notes that Plaintiff's claims against Defendants Edlund, Luoma, Burnett, Caruso and Jondreau were dismissed with prejudice on April 13, 2005, and the remainder of his claims were dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff appealed to the Sixth Circuit, and on April 20, 2007, the Sixth Circuit remanded Plaintiff's claims against Defendants Reynolds, Hoover, Treadeau, Vertanen and Obiden. Defendants Reynolds, Hoover, Treadeau, Vertanen and Obiden filed motions for summary judgment (Docket #30 and #51) and the Magistrate Judge issued a report and recommendation that the motions be granted, and that the case be dismissed without prejudice for failure to exhaust administrative remedies.

In his objections, Plaintiff contends that, as indicated in his complaint, he did in fact exhaust his administrative remedies. In his objections, Plaintiff claims that the incident complained of actually occurred on January 9, 2004, so that the step I grievance filed on January 15, 2004 was timely. A review of Plaintiff's complaint reveals that the alleged excessive force occurred on December 5, 2003. Plaintiff states that he requested a step I grievance form regarding this incident on December 11, 2003, but did not receive such a form. Plaintiff states that he made a second request for a step I grievance form on December 28, 2003, and submitted the step I grievance on January 8, 2004, which named Defendants. Plaintiff states that he the submitted a second step I grievance on January 9, 2004, complaining of the failure to discharge Defendants Hoover and Reynolds for the December 5, 2003, excessive force.

Plaintiff attaches a copy of his December 11, 2003, request for a grievance form as an exhibit to his complaint. In the request, he he specifically names Defendants Hoover, Reynolds, Obiden and Tredeau,. Plaintiff also attaches a copy of a December 16, 2003, letter to Defendant Luoma which states that he obtained writing materials from other inmates because Defendant Jondreau had been refusing to give him paper and other materials ever since he had been placed on paper restriction. The court also notes that Plaintiff offers a copy of a December 23, 2003, letter to the Director of the MDOC, complaining about the December 5, 2003, excessive force by Defendants Hoover, Reynolds and Treadeau, while Defendant Vertanen videotaped the incident. The December 23, 2003, letter explains that Plaintiff had requested a step I grievance form on December 11, 2003, but that he was not given a grievance form. (*See* attachments to Plaintiff's complaint.)

> Plaintiff offers a copy of a step I grievance filed on January 8, 2004, which asserts:
>
> As of 1-8-04 I am still in the same unit, prison, and otherwise around Hoover, Reynolds, who were the same ones who physically attacked me on 12-5-03, as a result of Deputy Warden, Edlund, Warden, Luoma, safety threat to me as they have been previously notified.

(*See* January 8, 2004, step I grievance, attached as an exhibit to Plaintiff's complaint.)  This grievance lacks a grievance identifier number and does not appear to have been appealed.  Finally, Plaintiff attaches a copy of his step I grievance and step II and III appeals for grievance AMF-04-0100122-28E, which was initially filed on January 9, 2004.  In this grievance, Plaintiff states that as of January 9, 2004, neither Defendants Edlund or Luoma had discharged Defendants Hoover or Reynolds for their use of excessive force on December 5, 2003.  The responses to the grievance and appeals indicate that Plaintiff's grievance was rejected as untimely with regard to the December 5, 2003, incident.

Based on the above facts, the court concludes that Plaintiff did make an attempt to file a timely grievance regarding the alleged assault, but was prevented from doing so by Defendants' refusal to give him a step I grievance form.  However, when Plaintiff finally was allowed to file a grievance, he failed to actually grieve the December 5, 2003, attack.  Rather, Plaintiff grieved the alleged inappropriate handling of the incident by supervisory Defendants, who are no longer parties to this action.  It is clear that Plaintiff was required to grieve the incident once he obtained a grievance form, despite his inability to do so in a timely manner.  The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997).  Therefore, Plaintiff's objections lack merit and his complaint is properly dismissed.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #58)is approved and adopted as the opinion of the court.

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:      9/26/08                             */s/ R. Allan Edgar*
                                                R. ALLAN EDGAR
                                                UNITED STATES DISTRICT JUDGE